DANIEL TORTORIELLO, WILLIAM H. FIELD AND JESSE PHILLIPS, PROSECUTORS, v. JOHN J. TOOHEY, COMMISSIONER OF LABOR, DEFENDANT.

Submitted October 4, 1938—Decided January 24, 1939.

Before Justices CASE, DONGES and PORTER.

For the prosecutors, *Emil Neblo.*

For the defendant, *William J. Egan (Stephen J. Lorenz,* of counsel).

PER CURIAM.

Three writs of *certiorari* bring before us for review the action of the defendant, John J. Toohey, Commissioner of Labor, in denying the applications of the prosecutors to payment of additional compensation under the so-called "one per cent. fund" provided for totally disabled employes by chapter 55, *Pamph. L.* 1936; *R. S.* 34:15-95, as amended.

By order of the court the cases were consolidated and will be considered together.

All three of the prosecutors had been injured and had received compensation under the provisions of the Workmen's Compensation act. The last payments so received had been made in each case more than two years prior to the date of their petitions for participation in the "one per cent. fund." It is not disputed that at the time of filing of the petitions each one had become totally and permanently disabled.

The defendant commissioner dismissed all three of the petitions on the ground that none of the three had been filed within two years after the last date of payment of compensation to them.

The question thus presented for solution in each case is the same: whether or not the action of the commissioner was right in holding that the statute limited the time of filing petitions to the period of two years after the last date of payment of compensation.

We think that the law does so limit the filing of petitions. Moreover, it was so decided by this court in the recent case of *Ruffin* v. *Albright*, 121 *N. J. L.* 424. Mr. Justice Bodine expressed the view, in that case, that the object of the statute was to rehabilitate injured employes as was pointed out in *Richardson* v. *Essex National Trunk Co.*, 119 *N. J. L.* 47, and further that the "one per cent. fund" was not created for the purpose of providing for pensions, being insufficient for any such purpose, and concluded with this language: "The rights to participation in its benefits, we think, must be subject to the same limitations contained in the act providing for the time in which compensation or increased compensation may be sought."

We concur in that reasoning.

Consideration has been given to the contention urged on behalf of the prosecutors to the effect that the statute in question is not applicable and, if so, is unconstitutional and void because of defective title, &c., and conclude that same is without merit.

The writs will be dismissed, with costs.